No. 27,552.

In the Matter of AL SIMONS, *Petitioner*, v. I. B. WALSTON,
Chief of Police, et al., *Respondents*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Suspension of Sentence—Authority of Police Judge—Term
of Parole.* Under R. S. 12-1101 to 12-1104 the police court has no power to
grant a parole for a term longer than the term of imprisonment imposed in
the case. The term of imprisonment imposed begins when the parole is
granted and continues for the term of the sentence, whether the prisoner is
in jail or out on parole. (Following *In re Carroll,* 91 Kan. 395, 137 Pac. 975.)

2. SAME—*Parole from Jail Sentence and Part of Fine—Effect of Revocation on
Liability for Fine.* When a fine and jail sentence are imposed and a parole
is granted from the jail sentence and a part of the fine, by the police court,
under R. S. 12-1101 to 12-1104, and the parole is revoked within the term of
the sentence imposed in the case, the prisoner is not entitled to his release
until the balance of the fine is paid.

Original proceeding in habeas corpus. Opinion filed May 7, 1927. The
writ is granted if the balance of the fine has been paid; if not, the petitioner
is remanded until such payment is made.

*Dempster O. Potts* and *R. G. Bennett*, both of Wichita, for the petitioner.
*A. V. Roberts, Vincent F. Hiebsch* and *Carl I. Winsor*, all of Wichita, for
the respondents.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in habeas corpus. On
December 7, 1926, in the police court of the city of Wichita, the
petitioner entered a plea of guilty to a charge of violating the city
ordinance relating to intoxicating liquors. He was fined $100 and
sentenced to 30 days in jail. On the same day he was paroled by the
police judge, upon the condition, among others, that he pay $50 of
the fine and the costs, which he then paid. On January 4, 1927, he
was arrested, charged with the violation of the intoxicating liquor
ordinance of the city. On January 5 he was found guilty of that
charge, and the court revoked his parole in the former case and
adjudged that he pay the balance of the fine and that he serve 30
days in jail on the old offense. On January 11 he filed the petition
in this case for his release. He contends that the time he was at
liberty on his parole counted on his jail sentence.

Criminal Law, 16 C. J. p. 358 n. 51 new.

The statute relating to paroles by police judges, in cities the size of Wichita, is R. S. 12-1101 to 12-1104. This statute was before this court and was construed in the case of *In re Carroll,* 91 Kan. 395, 137 Pac. 975. It was there held that the police court has no power to grant a parole for a term longer than the term of imprisonment imposed in the case, and that the term of imprisonment imposed begins when the parole is granted and continues for the term of the sentence, whether the prisoner is in jail or out on parole. That construction was given the statute more than twelve years ago. The statute has not been changed. The decision is controlling in this case. Applying it to this case the result is: The term of the jail sentence of 30 days began December 7, 1926. It necessarily expired January 6, 1927. When the court revoked the parole January 5 the prisoner had but one day to serve in jail on that jail sentence. Hence, when he filed his petition in this case, January 11, the term of his 30 days' jail sentence had expired and he was entitled to his discharge therefrom. Within the 30 days of the jail sentence, the court revoked the order by which the petitioner was relieved from the payment of $50 of his fine and directed that it be paid. This order of revocation was valid. The record before us is not clear that this has been paid. If this has been paid the petitioner will be discharged. If it has not been paid he will be remanded until that is paid, and discharged upon its payment.

HARVEY, J. (concurring specially): I concur because I feel compelled to do so by reason of the construction of the statute, *In re Carroll,* supra, and because the legislature has been in session several times since that case was decided and has not changed the statute. The dissenting opinion of Chief Justice Johnston in the Carroll case states my view of the construction which should have been given to the statute.