No. 42,719

Michiel Martin Newingham, *Appellee*, v. The State of Kansas, Marvin L. Stortz, Sheriff of Cloud County, Kansas, and Harry Sterling, Deputy Sheriff of Cloud County, Kansas, *Appellants*.

(372 P. 2d 1015)

Opinion filed July 7, 1962.

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, and *Lee R. Stanford,* county attorney, were with him on the briefs for the appellants.

*W. B. Buechel,* of Concordia, argued the cause, and *Frank C. Baldwin, Clarence Paulsen,* and *Dean L. Gibson,* all of Concordia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by the state from an order of the trial

court wherein appellee (petitioner) was granted a release in a habeas corpus proceeding.

On February 3, 1961, petitioner (defendant therein) was charged with compounding or concealing a misdemeanor on January 13, 1961, in violation of G. S. 1949, 21-715. On February 10, 1961, the Cloud county court found him guilty as charged and sentenced him to three months in the county jail together with fine and payment of costs. However, on that same date a bench parole was granted to him upon the terms and conditions that he was not to violate any law, he was to be home by 11:00 p. m., and he was not to associate with Raymond R. Hanson. The term of the parole was for six months from the date of sentence. On June 17, 1961, four months and seven days after the date of parole, the county court revoked the parole because he had been out after 11:00 p. m., he had been in the company of Hanson, and had been convicted of a misdemeanor on June 13, 1961. He was ordered committed to the county jail to serve the original three months' sentence. His petition for writ of habeas corpus followed.

The sole question here presented is whether the Cloud county court under G. S. 1949, 20-820, had the power and authority to set the length of time of the parole at six months when it had sentenced petitioner to serve a term of only three months. The petition for the writ was filed in the district court of Cloud county and on June 26, 1961, that court granted the issuance of the writ and discharged petitioner from imprisonment in the county jail. The pertinent part of the order of the district court reads:

"The court finds that the County Court of Cloud County, Kansas, was without jurisdiction to extend the term of the petitioner's parole beyond the term of the sentence imposed.

"That the parole of the petitioner expired by operation of law on May 10, 1961, the date of the expiration of the original sentence of imprisonment.

"That the said court was without jurisdiction to order a revocation of the said parole on June 17, 1961, for violations of the conditions and restrictions contained in said parole which occurred on June 9, 1961."

Costs were adjudged against the respondents, the state of Kansas, and the sheriff and deputy sheriff of Cloud county. They appeal from the above order and raise the question whether, as a matter of law, the district court erred in granting the writ and ordering the petitioner discharged from the custody of the sheriff.

G. S. 1949, 20-820, in substance, provides that in misdemeanor cases the county court judge may grant a parole under such conditions and restrictions as the judge shall see fit to impose and may

require a bond of such parolee to abide by such conditions or restrictions. The statute further provides:

". . . that such persons shall appear in court at such times as the court or judge thereof shall see fit, not to exceed six months, and not depart without leave of court."

Both parties here submit there have been no cases in this state determining this question and our research has revealed none.

Petitioner contends there are other statutory provisions and cases cited thereunder with respect to other courts in this state which compel us to hold the county court cannot grant a parole for a longer period of time than the sentence imposed after the original conviction. However, G. S. 1949, 20-820, contains no such provision and we do not so interpret it. The statute is plain and unambiguous in its language and is not susceptible of more than one meaning. We cannot apply other statutes and decisions made thereunder controlling other courts to interpret 20-820 which was enacted only to control paroles to be granted by county courts and we do not think the legislature intended the statute to have the effect contended by petitioner. If such had been the legislative intention, an appropriate provision could have been incorporated into the statute, but absent such provision this court, on appellate review, is constrained to hold, as contended by the state, that the district court erred in granting the relief prayed for by the petitioner and ordering his discharge.

The petitioner is ordered to be returned to the custody of the sheriff of Cloud county to serve the three months' sentence imposed by the county court on the misdemeanor.

Judgment reversed.