No. 45,150

In the Matter of the Application of LEON G. YOUNG for a Writ of Habeas Corpus. STATE OF KANSAS, *Appellant,* v. LEON G. YOUNG, *Appellee.*

(439 P. 2d 142)

Opinion filed April 6, 1968.

*Donald Foster,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, *Keith Sanborn,* County Attorney, and *Russell E. Grant,* Deputy County Attorney, were with him on the briefs for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the state from an order of the trial court wherein Leon G. Young (appellee-petitioner) was granted a release in a habeas corpus proceeding.

On May 26, 1966, in the court of common pleas of Sedgwick county, petitioner (defendant therein) was convicted on a plea of guilty of the offense of embezzlement in an amount less than $50.00. (K. S. A. 21-545, now K. S. A. 1967 Supp. 21-545). Petitioner was sentenced to one year in the county jail and on the same day paroled for a period of two years during which time, among other conditions, he was not to violate any laws.

On May 23, 1967, a complaint was filed charging petitioner with the crime of cheat and defraud, a felony (K. S. A. 21-551). On June 23, 1967, a preliminary hearing was held, and petitioner was bound over for trial in the district court.

On July 5, 1967, one year and forty days after petitioner was paroled, his parole was revoked by the judge of division No. 3 of the court of common pleas, and petitioner was committed to the county jail to serve the sentence imposed on May 26, 1966. His

petition for a writ of habeas corpus followed. On July 10, 1967, the district court granted the issuance of the writ and petitioner was released from custody. The sheriff, acting by and through a deputy county attorney, took exception to the district court's ruling and perfected this appeal.

The pertinent part of the order of the district court reads:

"It being the ruling of this Court that the Court of Common Pleas of Sedgwick County, Kansas does not have the authority to parole any individual for a period in excess of the maximum term of confinement which can be imposed by such Court upon the conviction of any individual for a crime within that Court's jurisdiction. It further being the ruling of this Court that the petitioner's parole was revoked after one (1) year had elapsed from the date of sentence and beginning of probation period. That the Court of Common Pleas of Sedgwick County, Kansas did not have authority to grant a parole for such duration."

The state contends the board of paroles of the court of common pleas of Sedgwick county has authority under K. S. A. 20-2312 to grant a parole for a duration of two years, and that the district court erred in granting the writ.

It is noted that the statute referred to (K. S. A. 20-2312) is not mentioned by the district court, nor was it called to the court's attention in petitioner's brief, submitted to the district court, and incorporated in the record on appeal. Petitioner's attorney apparently overlooked the statute as he stated in his brief in the district court that there were no statutory provisions applicable to paroles or probation in misdemeanor cases and, therefore, the case law controlled. He cites the case of *In re Carroll*, 91 Kan. 395, 137 Pac. 975 (1914), in which this court held that there is a limitation to the length of parole that can be granted to any person and that the period of parole shall not exceed the maximum time that can be imposed by sentence.

The parole authority of a police court was considered in *Carroll*. The statute then in effect (Laws of 1909, Chap. 116, Sec. 2) was examined and since it provided no limit on the term of a parole granted thereunder; this court held that a police court had no power to grant a parole for a term longer than the sentence imposed. The decision in *Carroll* was adhered to in *Simons v. Walston*, 123 Kan. 574, 255 Pac. 975, when the same question was again presented. It was pointed out in the opinion that the statute had been construed twelve years before in the *Carroll* case and had not been changed. The statute was amended in 1947 (Laws of 1947, Chap.

117, Sec. 1), now appearing as K. S. A. 12-1104, under which a police court is specifically authorized to grant a parole for a term extending beyond the sentence but not exceeding one year.

K. S. A. 20-2312 with which we are concerned here was enacted as Section 6, Chapter 240, Laws of 1949. It reads as follows:

"*Same; Term of parole; conditions.* Any parole granted by said board of parole may be for a term not exceeding two years in the discretion of such board; and upon a revocation of parole by said board, within such time, parolee may be required to serve the full, unserved sentence imposed or to pay the full unpaid fine and costs imposed in the discretion of the said board: *Provided, however,* That said board shall have no power to parole more than two times upon the same offense."

Chapter 240 (now appearing as K. S. A. 20-2307-2313) was entitled:

"An Act providing for the creation of a board of paroles in certain judicial townships, prescribing the powers and duties of said board and the compensation of the members of the board."

Section 1 (now K. S. A. 20-2307) reads as follows:

"*Board of paroles created: members, organization.* That in all cities of the first class in the state of Kansas now having, or hereafter acquiring a population of 117,000, which has heretofore, or shall hereafter be established to be a judicial township, in which there has been or shall be established a city court, with two or more divisions thereof, the judges of said city court of said judicial township may create a board of paroles, to be known as such, which shall be composed of the judges of such city court of such judicial township. The senior judge in point of service shall be ex officio chairman of said board of paroles, and the clerk of said city court shall be ex officio clerk of said board of paroles, but said clerk shall have no vote."

Other sections of the Act provided for the powers and duties of the board, records to be kept, and the compensation of board members.

An examination of the statutory history (K. S. A. 1967 Supp. 20-2001, *et seq.,* and predecessor statutes) of the court of common pleas of Sedgwick county clearly indicates that it comes within the purview of Chapter 240 (K. S. A. 20-2307-2313).

Pursuant to the provisions of Section 1 of Chapter 240 (K. S. A. 20-2307), the judges of the three divisions of the court of common pleas organized a board of paroles and adopted rules and regulations in accordance with the provisions of the Act.

Rule 5, providing for the manner in which the powers of the board would be exercised, reads as follows:

"Exercise of Parole Powers: The power of parole vested in the Board of Paroles shall normally be exercised through the individual voting members of said Board, as follows:

"A. Granting of Paroles: Each voting member of said Board of Paroles shall be authorized to hear applications for parole and to parole from confinement portions of sentences and from fines and costs or portions thereof, subject to review and approval by said Board at its next meeting.

"B. Revocation of Parole: Each voting member of said Board of Paroles shall be authorized to hear cases where there is an alleged or suspected violation of the conditions of a parole and to terminate a parole by revocation, subject to review and approval by said Board at its next meeting.

"C. Discharge From Parole: Each parolee who completes the term of a parole with no violations and/or revocation shall be discharged automatically at the conclusion of said term. Any application for discharge at a time earlier than the conclusion of the original term of a parole shall be received by the judge who granted said parole and referred to the Board of Paroles for approval or disapproval."

Rule 7, setting out normal conditions of paroles, reads as follows:

"Conditions of Paroles: The normal conditions imposed on each parolee shall be as follows:

"A. A parolee shall not violate any law of the United States nor of any state nor any ordinance of any municipality.

"B. Each parolee shall be required to report to the parole counselor of this court once each month. Such reports will normally be made in person but reports by mail may be authorized when conditions deem such advisable.

"C. Parolees shall be required to keep the parole counselor advised as to their place of residence and place of employment at all times.

"D. Parolees shall be required to remain within the limits of Sedgwick County and/or the State of Kansas, unless permission to leave same has been previously obtained from the parole counselor and/or the Board of Paroles.

"E. *No parole shall be granted for a term exceeding two years in duration.* (G. S.-49, 20-2312.)

"F. Parole shall not be granted more than two times upon the same offense." (Emphasis supplied.)

Other rules provided for the organization of the board, regular meetings, keeping of records and appointment of staff personnel. The rules adopted are authorized by the statute and establish a uniform system for the granting and supervision of paroles by the three divisions of the court.

This court was confronted with a similar question with respect to a parole granted by a county court under G. S. 1949, 20-820, now K. S. A. 20-820, in *Newingham v. State,* 190 Kan. 145, 372 P. 2d 1015 (1962).

*Newingham* was convicted of a misdemeanor in Cloud county court, sentenced to three months in jail and on the same day paroled

for a term of six months. Four months and seven days after the date of the parole—one month and seven days after the expiration of sentence—Newingham's parole was revoked. His petition for a writ of habeas corpus was granted by the district court on the same ground advanced here, *i. e.,* that the court could not grant a parole for a longer duration than the sentence imposed, even though G. S. 1949, 20-820 (now K. S. A. 20-820) authorized a county court to grant paroles not exceeding six months. The state appealed presenting the same question that confronts us now.

In sustaining the state's position in *Newingham* we said:

"Petitioner contends there are other statutory provisions and cases cited thereunder with respect to other courts in this state which compel us to hold the county court cannot grant a parole for a longer period of time than the sentence imposed after the original conviction. However, G. S. 1949, 20-820, contains no such provision and we do not so interpret it. The statute is plain and unambiguous in its language and is not susceptible of more than one meaning. We cannot apply other statutes and decisions made thereunder controlling other courts to interpret 20-820 which was enacted only to control paroles to be granted by county courts and we do not think the legislature intended the statute to have the effect contended by petitioner. If such had been the legislative intention, an appropriate provision could have been incorporated into the statute, but absent such provision this court, on appellate review, is constrained to hold, as contended by the state, that the district court erred in granting the relief prayed for by the petitioner and ordering his discharge." (p. 147.)

The language of K. S. A. 20-2312 is plain and unambiguous. It clearly authorizes the parole board of the court of common pleas to grant paroles not to exceed a term of two years in the discretion of the board. The statute supersedes any case law pertaining to the subject.

The judgment is reversed.