[redacted]

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Lawrence H. ALLMENDINGER, Jr., Defendant and Appellant.**

**No. 14582.**

Supreme Court of Utah.

June 14, 1977.

[redacted]

Larry R. Keller, Salt Lake Legal Defender Assn., Sale Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The appellant in this case entered a plea of guilty in the District Court in and for Salt Lake County for unlawful possession of a controlled substance which, under 58–37–8(2)(b)(i), U.C.A., 1953 as amended (1975 Supp.), carries a penalty of not more than $299 or imprisonment in the county jail for not more than six months, or both.

On June 9, 1975, the trial court suspended the sentence and placed the appellant on probation for one year. On March 4, 1976, the appellant herein was ordered by the court to appear and show cause why his probation should not be revoked. Counsel filed a motion to dismiss for lack of jurisdiction which was denied on April 19, 1976, and appellant appeals from that decision.

The issue here is whether or not the court retains jurisdiction to extend the probationary period beyond the maximum period of imprisonment or incarceration for an offense.

Section 76–3–201, U.C.A., 1953 (1975 Supp.) provides that sentencing may be pronounced as provided, subject to limitations as set out in that chapter. Those provisions are:

(1) To pay a fine (amounts are set forth),

(2) To sentence to prison or to jail (terms are prescribed in the various offenses),

(3) To remove from office, cite for contempt, or impose any other civil penalty (no provisions are made for any limitation in these matters),

(4) To include a civil penalty in a sentence (no limitation is placed on this item by the chapter),

(5) To put a defendant on probation (no limitation imposed by the chapter).

Since the chapter makes no provision for, nor limitation on, the granting of probation to a convicted defendant, one must look elsewhere to find those provisions. They are found in 77–35–17, U.C.A., 1953 as follows:

Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and *may place the defendant on probation for such period of time as the court shall determine.*

*The court may subsequently increase or decrease the probation period,* and may revoke or modify any condition of probation. While on probation, the defendant may be required to pay, in one or several sums, any fine imposed at the time of being placed on probation; *may be required to make restitution or reparation*

*to the aggrieved party or parties for the actual damages or losses caused by the offense* to which the defendant has pleaded guilty or for which conviction was had; and *may be required to provide for the support of his wife or others for whose support he may be legally liable.* Where it appears to the court from the report of the probation agent in charge of the defendant, or otherwise, that the defendant has complied with the conditions of such probation, the court may if it be compatible with the public interest either upon motion of the district attorney or of its own motion terminate the sentence or set aside the plea of guilty or conviction of the defendant, and dismiss the action and discharge the defendant. [Emphasis added.]

█ Obviously the intent of the statute is to permit the court to rehabilitate an erring criminal and to make a useful citizen out of him. The court has wide discretion in accomplishing this purpose and is not limited to the term to which a person might be incarcerated. In fact, there are a number of things stated in Section 77–35–17 which the court may do that are not stated in Section 76–3–201: The court may compel a person put on probation to support his family, to make restitution for damages, and it may increase or decrease the probation term. The statute regarding probation specifically provides that the defendant may be placed on probation for such period of time as the court shall determine. All these matters are provided so that the court may direct the defendant towards the path of a law-abiding citizen.

None of the code provisions found in Section 77–35–17 are limited in any way by Section 76–3–201. In the absence of any express limitations in Chapter 76, it must follow that the two statutes should be considered together, as complementary and consistent with each other, rather than restrictive.

There is nothing wrong in allowing discretion to be given to the court when it comes to the supervision of one on probation. A written contract with the defendant is usually required, and provisions regarding liquor consumption, work programs, and other matters are agreed upon. If the defendant does not like the terms prescribed by the court, he does not have to accept them. And if he does agree to the terms set forth, he should abide by them.

In the instant matter the appellant agreed to abide by the law for a period of one year if the court would not commit him to jail for the statutory term of six months. As soon as the six months had passed, the appellant violated the promises made and committed another crime. Now he says, "You can't revoke my probation because you could not require me to be on probation longer than six months."

█ This appeal is from an order denying appellant's motion to dismiss an order to show cause for lack of jurisdiction. This is not an appealable order but since no objection is made thereto, there is no objection to considering the matter *if* the ruling of the trial court is affirmed. However, if the order denying the motion to dismiss were to be reversed, then the appeal is not properly before this Court due to lack of finality. Who can say at the hearing on the revocation order whether or not the judge will revoke the probation? All he purports to do now is to consider whether or not he *should* revoke it.

The trial court retained jurisdiction to revoke the probation given because of appellant's unlawful conduct during the probationary term. The judgment of the court was correct, and it is hereby affirmed. No costs are awarded.

CROCKETT, and MAUGHAN, JJ., and BALDWIN, Jr., District Judge, concur.

WILKINS, Justice (dissenting).

I respectfully dissent.

The issue here is whether a court in this State has authority to extend the probationary period beyond the maximum period of imprisonment or incarceration for an offense. I do not believe our courts have such authority, without a legislative act

specifically investing them with power to do so.[1]

The two principal pertinent statutes in this matter are: Utah Code Annotated Sec. 77–35–17 (1953) which provides:

> Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and may place the defendant on probation *for such period of time as the court shall determine.* [Emphasis added.]

and Utah Code Ann. 76–3–201 (Supp.1975), which states:

> (1) *Within the limits prescribed by this chapter*, a court may sentence a person adjudged guilty of an offense to any one of the following sentences or combination of such sentences:
>
> (a) To pay a fine; or
>
> (b) To removal from and/or disqualification of public or private office; or
>
> (c) To *probation;* or
>
> (d) To imprisonment; or
>
> (e) To death. [Emphasis added.]

It should be made clear that the issue here is not whether a *state legislature* may set terms of probation in excess of the statutory maximum term of imprisonment for the offense involved. A legislature may do so, absent a constitutional proscription, without violating a defendant's right to due process. See for example, the California Penal Code Sec. 1203(a), which permits a misdemeanant who could only be imprisoned for ninety days to be placed on probation for up to three years. But the legislature, not a court should extend the probationary period beyond the maximum period of incarceration if that extension is to be proper.

If Sec. 77–35–17, supra, were the single statute relating to probation, I believe, for the reasons stated above, that the probationary period could not exceed the maximum period of incarceration. But an additional reason exists here. I submit that a reading of the two Utah statutes, supra, (and other statutes noted infra) impells an interpretation that the Utah Legislature has placed a limitation on the earlier language of Sec. 77–35–17, supra, that the defendant may be placed on probation "for such period of time as the court shall determine" by the recent pronouncement in Sec. 76–3–201, supra, that probation (as well as other sentences) must occur "within the limits prescribed by this chapter", which designates the penalty for a class B Misdemeanor as imprisonment for a term not exceeding six months[2] and a fine not exceeding $299.[3] Though the offense in this matter is found in another part of the Utah Code Ann., namely Sec. 58–37–8(2)(b)(i), (Supp.1975), that offense is a class B misdemeanor, and, hence, the conclusion for the proposition stated previously that the Utah Legislature has limited the period of time of probation remains, I believe, unattenuated.

The decision of the District Court should therefore be reversed and this case remanded for the purpose of vacating the judgment and sentence heretofore imposed.

HALL, J., does not participate herein.

---

**1.** *See In re Carroll*, 91 Kan. 395, 137 P. 975 (1914), which was followed in *Simons v. Walston*, 123 Kan. 574, 255 P. 975 (1927). The Supreme Court of Kansas in *Carroll* said: ". . . Although the statute relating to (probation) granted by police judges does not expressly declare a limit, one is doubtless contemplated, and since provision is made for imprisonment for a fixed time, that should be regarded as the limit of time for the termination of a (probation) . . ." Later, in 1947, the Kansas Legislature amended the statute, thus superseding *Carroll*.

**2.** Utah Code Ann. Sec. 76–3–204 (Supp.1975).

**3.** Utah Code Ann. Sec. 76–3–301 (Supp.1975).