Edward Dale HARDY, Plaintiff and Appellant,

v.

Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.

No. 17062.

Supreme Court of Utah.

Sept. 3, 1981.

Douglas E. Wahlquist, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Salt Lake City, for defendant and respondent.

PER CURIAM:

In August of 1979, appellant pled guilty to a charge of murder in the first degree. His plea followed plea negotiations, and no appeal was taken from the judgment entered on the plea. On January 18, 1980, appellant filed a petition for a writ of habeas corpus alleging that he was induced to plead guilty without full knowledge of the facts, of the charges against him, and of possible defenses. The petition was dismissed and appellant took this timely appeal from the dismissal.

While the appeal was pending, the state made this motion to dismiss, stating that on May 23, 1981, appellant escaped from the Utah State Prison and presently remains at large. The state's motion, supported by an extraordinarily helpful brief, asks this Court to dismiss the appeal because appellant is a fugitive from justice.

In declining to adjudicate the merits of an appeal after the criminal defendant failed to surrender himself after he was freed on bail, the United States Supreme Court stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

By escaping, appellant has placed himself outside the control of the judicial system; a ruling adverse to him could not be enforced. Since he is now a fugitive from justice, appellant cannot call upon this Court to decide his appeal. In refusing to entertain the appeal of an escaped felon, the Georgia Appellate Court stated:

> The dismissal of such an appeal is justified on the theory that the escaped prisoner should not be allowed to reap the benefit of a decision in his favor when the state could not enforce a decision in its favor.

*Golden v. State*, 145 Ga.App. 36, 243 S.E.2d 303, 304 (1978). Accord, *United States v. Wood*, 550 F.2d 435 (9th Cir. 1976); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973); *Royal v. State*, Okl.Cr., 541 P.2d 372 (1975); *Angel v. State*, Okl.Cr., 386 P.2d 645 (1963). We agree. The appeal is dismissed.