STATE of Utah, Plaintiff and Appellee,

v.

Terry Vernon GREEN, Defendant
and Appellant.

No. 870137.

Supreme Court of Utah.

June 14, 1988.

Dale E. Stratford, Ogden, for defendant and appellant.

David L. Wilkinson, David B. Thompson, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant appeals from the trial court's revocation of his probation. He claims that his probation term had already been terminated by operation of law pursuant to Utah Code Ann. § 77–18–1(10)(a) (Supp.1984),[1] which provides for automatic termination of probation after eighteen months with no probation violations, and that the trial court lacked authority to revoke probation after the expiration of the statutory period.

Defendant pleaded guilty on February 7, 1984, to a charge of issuing bad checks under Utah Code Ann. § 76–6–505 (1978). He was sentenced by the trial court on May 29, 1984, to an indeterminate term of zero to five years in the Utah State Prison, fined $1,500, and ordered to pay restitution. The court suspended the prison term and the fine and placed defendant on probation. Defendant agreed as one condition of probation that he would not violate federal, state, or local laws.

Defendant's case was reviewed several times by the court. On one of these occasions, February 18, 1986, an Adult Probation and Parole (AP & P) officer reported that defendant had been charged with two counts of sodomy on a child and one count of attempted rape of a child. All of these offenses were alleged to have been committed during April, May, and June 1985, a time period within the eighteen-month statutory term of defendant's probation. Defendant was convicted of all three offenses on June 26, 1986.

AP & P filed an affidavit of probation violation with the court on August 5, 1986. Because the court was informed that de-

1. Utah Code Ann. § 77–18–1 was amended in 1985 and 1987. See 1985 Utah Laws ch. 229, § 1; 1987 Utah Laws ch. 114, § 1. The provi-sions defendant relies upon in his challenge are currently found in Utah Code Ann. § 77–18–1(7)(a) (Supp.1987).

fendant had appealed the June convictions, the probation violation matter was continued to permit the appeal to be decided. No order respecting the status of defendant's probation was entered. On February 3, 1987, the court determined that defendant had not filed an appeal from the convictions and found defendant in violation of his probation. Defendant requested a hearing on disposition. Before the scheduled date of the hearing, he petitioned this Court for a writ of prohibition in order to halt the lower court's sentencing hearing. We denied the writ. On March 25, 1987, the trial court held that Utah Code Ann. § 77–18–1(10)(a) (Interim Supp.1984) was an unconstitutional limitation on the sentencing power of judges. On March 31, 1987, defendant was ordered to serve the term of zero to five years originally imposed upon him for the bad check conviction. A certificate of probable cause was issued, and this appeal followed.

Neither defendant nor the State claims on appeal that the lower court was correct in holding that Utah Code Ann. § 77–18–1(10)(a) is unconstitutional. Both agree that this holding was unnecessarily broad. However, the State argues that the statute does not automatically terminate probation—and therefore does not automatically terminate a judge's continuing jurisdiction over a defendant—unless a defendant commits no probation violations within the eighteen-month statutory term. The State argues for an interpretation of the statute that would allow a trial court to revoke probation after the expiration of the eighteen-month period upon discovery that a parole violation occurred during that period. This interpretation, the State claims, furthers the purpose of probation because, regardless of when a violation becomes known to the State, the defendant has violated the terms of his probation and the public trust associated with probation.

Defendant argues not only that the statute is constitutional, but also that probation terminates by operation of law eighteen months after it is ordered if no probation violations have been reported to the court. Unless the court acts to revoke probation or extend the term of probation

for another eighteen months, according to defendant, it loses jurisdiction over a defendant and cannot order execution of the underlying sentence upon discovery of a prior probation violation.

This Court has previously held that while courts possess judicial discretion in the sentencing of defendants, the power to define crimes and fix the punishment for those crimes is vested in the legislature. In *State v. Bishop,* 717 P.2d 261 (Utah 1986), we held that the minimum mandatory sentencing scheme adopted by the legislature for child sexual abuse crimes was constitutional. The defendant in *Bishop* claimed that Utah Code Ann. § 76–5–403.1 (Supp. 1987) infringed upon the separation of powers provision in the Utah Constitution because it left no power in judges to suspend sentences in favor of probation. In rejecting this contention, we examined the history of judicial sentencing power and determined that at common law and after statehood, the legislative branch possessed the power to fix punishment for crimes, as long as the punishment was not cruel or unusual. *Id.* at 263–64.

In *Bishop,* 717 P.2d at 264, we cited with approval language from *Mutart v. Pratt,* 51 Utah 246, 170 P. 67 (1917), an early Utah case. In *Mutart,* this Court stated:

That the Legislature of this state has the sole power to fix punishment to be inflicted for a particular crime, with the limitation only that it be not cruel or excessive, will not be questioned. That it may fix any punishment, subject to the above limitation, and leave no discretion whatever in the courts as to the extent or degree of punishment is a well-recognized and universally accepted doctrine, and under a statute fixing a definite period the court has no more discretion as to the punishment than the police officer whose duty it is to carry the punishment into effect.... The right of the court to inflict any punishment at all is given it by the Legislature, and without some act on the part of the lawmaking power no

such power or duty would be vested therein. . . .

51 Utah at 250, 170 P. at 68. In accord with this principle, we reaffirm that judges may exercise sentencing discretion within those limits established by the legislature; the power to fix sentencing limits and the power to suspend sentence in favor of probation are not inherent in the judiciary but must be authorized by statute. Similarly, the power to revoke probation must be exercised within legislatively established limits. Utah Code Ann. § 77–18–1(10)(a) (Interim Supp.1984) is therefore not an unconstitutional limitation on the sentencing power of the judiciary.

■ In light of the limits of judicial sentencing power, we examine the statute to determine if the trial court exceeded its authority in revoking defendant's probation. Utah Code Ann. § 77–18–1 sets forth probation procedures in general. At the time this matter arose, section 77–18–1(10)(a) stated:

Upon completion without violation of 18 months probation in felony or class A misdemeanor cases, cr six months in class B misdemeanor cases, the offender *shall be terminated from sentence* and the supervision of the Division of Corrections, *unless the person is earlier terminated by the court.*

(Emphasis added.) Utah Code Ann. § 77–18–1(10)(a) (Interim Supp.1984).[2] The statute requires that the offender "shall" be terminated from sentence if eighteen-months' probation is completed without violation. This strong mandate is not consistent with the State's position that the eighteen-month term is "tolled" when any violation occurs within the period and that there is no time limit for initiating a revocation action.

The State's interpretation of the statute would create absurd results. Defendants would be left in a perpetual state of limbo; although their probation would appear to have been terminated, usually by entry of an order to that effect, defendants would actually be subject to a continued term of fictional supervision. This indefinite probationary term could theoretically be revoked many years after the original imposition and suspension of sentence. Decades could pass and then, based upon the discovery of a probation violation which had occurred during the statutory period, a court could revoke a term of probation thought to have been terminated long ago. This construction would obviate the certainty and regularity created by the statute and ignore the plain meaning of the word "terminate."

In *In re Flint*, 25 Utah 338, 71 P. 531 (1903), this Court examined a trial court's jurisdictional limits after the trial court had indefinitely suspended a defendant's sentence and discharged him from custody. This Court stated: "[W]e know of no rule or principle of law whereby a court can indefinitely suspend sentence, keep the defendant in a state of suspense and uncertainty, and, long after he has been discharged from custody, have him rearrested, and impose a sentence of either fine or imprisonment on him." *Id.* at 341, 71 P. at 531–32. We believe the same principle defeats the State's arguments regarding section 77–18–1(10)(a).

Many other states have addressed a question analogous to the one raised in this case, i.e., whether a trial court lacks jurisdiction to revoke or amend probation after

---

**2.** The statute currently states:

(7)(a) Upon completion without violation of 18 months' probation in felony or class A misdemeanor cases, or six months in class B misdemeanor cases, the probation period shall be terminated, unless earlier terminated by the court.

(b) The Department of Corrections shall notify the sentencing court and prosecuting attorney in writing 45 days in advance in all cases where termination of supervision will occur by law. The notification shall include a probation progress report and complete report of details on outstanding fines and restitution orders.

(c) At any time prior to the termination of probation, upon a minimum of five days' notice and a hearing or upon a waiver of the notice and hearing by the probationer, the court may extend probation for an additional term of 18 months in felony or class A misdemeanors or six months in class B misdemeanors if fines or restitution or both are owing. Utah Code Ann. § 77–18–1(7)(a) to (c) (Supp. 1987).

the judicially invoked probationary period expires. In *State v. Gibson*, 156 N.J.Super. 516, 384 A.2d 178 (1978), the New Jersey Superior Court characterized the results reached by the courts of other states as follows: (1) probation may be revoked if the proceedings are *initiated* within a reasonable time after the probationary term's expiration; (2) probation may be revoked if the proceedings are *initiated* within the probationary term;[3] and (3) probation may be revoked only if the proceedings are *completed* within the probationary term. *Id.* at 529–30, 384 A.2d at 184–85. None of these approaches has been used by a clear majority of jurisdictions, and each appears to be largely a function of the statutory language of each state.

The State argues that terminating the court's jurisdiction simultaneously with the probation period will frustrate the public policy underlying probation, because a probationer who commits a violation has ignored the obligations set forth in the probation agreement, has violated the trust associated with probation, and has endangered the public. We agree that these concerns are valid; however, all but technical violations can be punished on their own merits, and the defendant's past record can be considered at that time.

Moreover, the current amended version of section 77–18–1 does allow judges to avoid some of the problems that may arise under a fixed period of jurisdiction. Pursuant to section 77–18–1(7)(c), a "court may extend probation for an additional term ... if fines or restitution or both are owing." Utah Code Ann. § 77–18–1(7)(c) (Supp. 1987). In the instant case, for example, defendant had not yet completed paying all of the restitution that he was ordered to pay, and under the current law, the trial court could have continued its jurisdiction over defendant for another eighteen-month term.[4]

The trial court may also hold a hearing within the eighteen-month period, pursuant to Utah Code Ann. § 77–18–1(9) (Supp. 1987), to determine whether a defendant has violated the terms of his or her probation. If the court determines that probation violations have in fact occurred, probation may be "revoked, modified, [or] continued, or ... the entire probation term [may] commence anew." Utah Code Ann. § 77–18–1(9)(e) (Supp.1987).

The trial court's order revoking probation and authorizing execution of defendant's sentence is reversed. The case is remanded for entry of an order terminating custody.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

**3.** Because the revocation proceedings in this case were not initiated until after the statutory probation term had expired, we need not reach the issue of the retention of jurisdiction when proceedings have been initiated but not completed within the eighteen-month term.

**4.** Under the statute in effect at the time of defendant's probation period, the trial court was not specifically empowered to do so.