STATE of Utah, Plaintiff and Appellee,

v.

Matthew KAHL, Defendant and Appellant.

No. 900355–CA.

Court of Appeals of Utah.

July 25, 1991.

Lynn R. Brown, Elizabeth Holbrook (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Marian Decker (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant appeals an order revoking his probation and reinstating a prison sentence for robbery, a second degree felony, in violation of Utah Code Ann. § 76-6-301 (1990). We affirm.

## FACTS

On February 26, 1981, defendant pleaded guilty to a charge of robbery, a second degree felony. He was sentenced to the Utah State Prison for a term not less than one year nor more than fifteen years and ordered to pay a fine of $10,000. Both the sentence and the fine were suspended and he was placed on probation for two years. On June 29, 1981, the court issued an order to show cause based on allegations that defendant had violated the terms and conditions of his probation. At a hearing on the matter, defendant admitted the allegations against him and the court ordered him to undergo a ninety-day evaluation by the Division of Corrections at the Utah State Prison. Defendant absconded from custody before completion of the ninety-day evaluation, and a bench warrant was issued for his arrest.

■ Meanwhile, on June 30, 1982, defendant was sentenced to two years in a Wisconsin State Prison for a conviction of robbery. The Utah State Department of Adult Probation and Parole placed a detainer on him.[1] Notwithstanding the detainer, defendant was released after serving his sentence in Wisconsin without notice given to the Utah authorities. On December 29, 1988, defendant was convicted in Nevada of possession of a credit card without owner permission. He was later extradited from Nevada to Utah, and on April 2, 1990, he was arrested on the bench warrant originally issued in 1981. Based on allegations that defendant had violated the terms and conditions of his probation, the court issued another order to show cause. Following a hearing, the court revoked defendant's probation and reinstated his original sentence.

On appeal defendant argues (1) the court lacked jurisdiction because it failed to complete revocation of defendant's probation within the two-year probationary period, and (2) the state lost its power to revoke defendant's probation because it failed to act with due diligence in executing the bench warrant for defendant's arrest.

## JURISDICTION

■ The defendant claims the trial court lacked jurisdiction because it failed to complete revocation of his probation within the two-year probationary period. Defendant relies on *State v. Green*, 757 P.2d 462, 464 (Utah 1988), for the proposition that Utah Code Ann. § 77-18-1 (Supp.1980) does not allow a tolling of the probation period and,

---

1. Defendant testified at trial that while he was in prison in Wisconsin, he filed a dispositive motion to settle his outstanding probation charges pending in Utah pursuant to the Interstate Agreement on Detainers. However, the Interstate Agreement on Detainers applies only to detainers that are based on an untried indictment, information, or complaint. *Gaches v. Third Judicial Dist.*, 416 F.Supp. 767 (W.D.Okla. 1976); *People v. Castoe*, 86 Cal.App.3d 484, 150 Cal.Rptr. 237 (1978). Detainers based on alleged parole or probation violations, as in this case, are not based on untried charges and thus the Interstate Agreement on Detainers is inapplicable. *See Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *Sable v. Ohio*, 439 F.Supp. 905 (W.D.Okla.1977).

thus, the trial court had no authority to revoke defendant's probation. We disagree because *Green* is distinguishable.

In *Green*, the probation revocation proceeding was not initiated until after the statutorily imposed 18–month probation period had terminated. *See,* Utah Code Ann. § 77–18–1(10)(a) (Supp.1984). In the present case, the revocation proceeding was initiated just four months into defendant's two-year probationary term; and, in all likelihood would have been completed well within the two-year period, except that defendant fled the jurisdiction. Furthermore, in *Green*, the court expressly refused to address the issue presented in this case, of whether the trial court could retain jurisdiction when proceedings have been initiated but not completed within the statutory period. *Id.* at 465 n. 3.

This case more closely parallels *Smith v. Cook*, 803 P.2d 788 (Utah 1990). In *Smith*, the issue was whether probation could be revoked when the revocation proceeding had been initiated, but not completed before expiration of a judicially imposed probation period. The Utah Supreme Court stated that because there were no statutory or policy considerations to the contrary, the trial court had authority to revoke or modify probation when the revocation proceeding had been initiated before the probation period had ended. *Id.* at 794.

In April of 1981, when defendant was placed on probation, section 77–18–1 did not expressly toll the running of probation.[2] However, in *Smith* the supreme court interpreted the version of section 77–18–1 which applied to that case and held that nothing in the statute "compell[ed] the conclusion that the revocation proceedings must be completed, as opposed to initiated,

within the probation period." *Id.*[3] In fact, the court specifically rejected arguments that the revocation proceeding be completed by the end of the probation period. In this case, the revocation proceeding was initiated only four months into the two-year probation period, easily satisfying the requirement that the proceeding begin within the statutory period.

## DUE DILIGENCE

■ Defendant next argues that the state lost its power to revoke his probation because it failed to act with due diligence in executing the bench warrant for his arrest and consequently his probation revocation proceeding was unreasonably delayed. Due process requires reasonable diligence on the part of the State in the issuance and execution of an arrest warrant for an alleged probation violation. *McCowan v. Nelson*, 436 F.2d 758, 760 (9th Cir.1970); *see also United States v. Berry*, 814 F.2d 1406, 1410 (9th Cir.1987); *Shelton v. United States Board of Parole*, 388 F.2d 567, 574 (D.C.Cir.1967). To determine whether the State has executed the warrant in a reasonable time, a court "must examine all the circumstances of the case." *United States v. Hill*, 719 F.2d 1402, 1405 (9th Cir.1983); *Simon v. Moseley*, 452 F.2d 306, 309 (10th Cir.1971).

In *United States v. Fisher*, 895 F.2d 208 (5th Cir.1990), the court set the following guidelines to determine whether a probation revocation hearing is brought within a reasonable time: (1) whether the probationer had absconded from the jurisdiction, *id.* at 211 n. 3,[4] (2) whether he had been imprisoned for another offense during the probationary period, *id.*,[5] and (3) whether the probationer voluntarily absents himself

---

**2.** The statute has since been changed to include an express tolling provision. *Compare* Utah Code Ann. § 77–18–1 (1990).

**3.** The version of section 77–18–1 that was applicable in the *Smith* case was the 1981 version, as opposed to the 1980 version that is applicable here. However, the relevant language and provisions of the two versions are substantially the same. The changes made were minor stylistic and procedural changes that do not affect the issues in this case.

**4.** *See also United States v. Martin,* 786 F.2d 974, 975 (10th Cir.1986) (probationary period is tolled if probationer absconds or if he serves prison time for unrelated offenses).

**5.** *See also United States v. Workman,* 617 F.2d 48, 51 (4th Cir.1980) (probationary period is tolled during time when probationer is imprisoned on an unrelated offense or is outside the jurisdiction of the court voluntarily).

from the jurisdiction. *Id.* at 211 n. 4 (citing *United States v. Berry*, 814 F.2d at 1410).[6]

■ Applying those factors to this case we conclude that the state was not responsible for any unreasonable delay. The defendant absconded from custody and fled the jurisdiction before his probation revocation proceeding could be completed. He was later arrested in Wisconsin on felony charges and served prison time there. After his release from prison in Wisconsin, he next turned up in Nevada, where he was arrested on another felony charge. After serving time in Nevada, he was finally extradited to Utah. We fail to see any basis for the argument that the defendant was prejudiced by the delay in his probation revocation proceedings when his own actions were the cause of the delay.

## CONCLUSION

We conclude that because the probation revocation proceedings were commenced in a timely fashion, the probation period was tolled. Furthermore, the state's duty of due diligence in executing an outstanding warrant against a probationer is obviated when a probationer absconds from custody and remains outside of the state. In light of defendant's own actions, the delay in this case was not unreasonable.

For the foregoing reasons, the trial court's reinstatement of defendant's prison sentence for robbery is affirmed.

GARFF and RUSSON, JJ., concur.

6. *See also Shelton,* 388 F.2d at 574 (a probationer who purposely evades authorities is in no position to complain of delay).