**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert REEDY, Defendant and Appellant.**

**No. 950638–CA**

Court of Appeals of Utah.

April 17, 1997.

Deborah Kreeck Mendez and Linda M. Jones, Salt Lake City, for Appellant.

Jan Graham and Norman E. Plate, Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and JACKSON, J.

## OPINION

PER CURIAM:

Appellant, Robert Reedy, appeals the trial court's order revoking his probation. We affirm.

## BACKGROUND

Reedy was charged with theft, a second degree felony. *See* Utah Code Ann. § 76–6–404, –412(1)(a) (1995). He pleaded guilty to third degree felony theft and was sentenced to prison on May 8, 1992. *See* Utah Code Ann. § 76–6–404, –412(1)(b) (1995). However, his prison term was suspended and he was placed on probation for 18 months. On June 25, 1993, Adult Probation and Parole (AP & P) filed a report with the trial court indicating that Reedy had violated the terms of his probation. He was required to check in monthly with AP & P and had not done so since March 5, 1993; he went to California without prior approval or permission; he failed to pay any of the $4,434 owing in restitution; and he failed to pay any of his $500 fine. The trial court issued a bench warrant for Reedy's arrest and an order requiring him to appear in court to show why his probation should not be revoked. Reedy did not return to Utah until approximately May 1995 and, shortly thereafter was served with the bench warrant and the order to show cause. At a subsequent hearing, Reedy admitted to having violated the terms and

conditions of his probation and the trial court revoked his probation. Reedy appeals that order.

## ANALYSIS

■ According to Utah Code Ann. § 77–18–1(11)(b) (1995), "[t]he running of the probation period is tolled upon the filing of a violation report with the court alleging a violation of the terms and conditions of probation or upon the issuance of an order to show cause or warrant by the court." It is undisputed that before the expiration of Reedy's probation period, a violation report was filed with the trial court and an order to show cause and warrant were issued. The plain language of the statute does not require service of the notice, order, or warrant within the probation period as Reedy suggests. Moreover, Reedy made service impracticable since he left Utah without permission and was in California when he claims he should have been served. Similarly, the cases upon which Reedy relies, *State v. Green*, 757 P.2d 462 (Utah 1988), and *Smith v. Cook*, 803 P.2d 788 (Utah 1990), are inapposite. They interpret earlier versions of Utah Code Ann. § 77–18–1, none of which contains the pertinent subsection.

In *Green*, the Utah Supreme Court interpreted the 1984 version of the statute, which it acknowledged was amended in 1985 and 1987. 757 P.2d at 462 n. 1. According to the subject statute, probation automatically expired after eighteen months. *Id.* Green was alleged to have committed other crimes (for which he was ultimately found guilty) within the eighteen month probationary period, but none of the violations were brought to the court's attention within that probation period.[1] *Id.* Under these circumstances, the Utah Supreme Court held that the trial court did not have authority to revoke Green's probation after his probationary period had expired. *Id.* at 465.

In *Smith*, the Utah Supreme Court, interpreting the 1981 version of the statute,[2] held that the trial court lacked authority to revoke probation after the probation period had expired because Smith was not served with an order to show cause within the probationary period. 803 P.2d at 795–96. Three months prior to the completion of his probation, Smith was arrested and charged with two counts of sexual abuse of a child and sodomy upon a child. *Id.* at 789. Two days before his probation was to expire, Smith pleaded guilty to two counts of attempted forcible sexual abuse of a child. *Id.* After the probation period expired, Smith was served with an order to show cause and ultimately found to have been in violation of his probation. *Id.* The *Smith* court concluded that the trial court lost jurisdiction to revoke probation because Smith was not served with notice of the revocation proceedings within the probation period. *Id.* at 795–96. The court noted that the rule might be different in a situation where a probationer avoided service or evaded supervision:

> A different rule may need to be followed in some situations, such as where the probationer is actively avoiding service or is evading the supervision of the probation authorities or when the violation is committed so close to the termination of probation that it would be impractical or impossible for the probationer to receive notice within the probation period.

*Id.* at 795. Reedy evaded supervision by leaving Utah and failing to check in with probation authorities; thus, even under the *Smith* analysis, it would not be necessary to serve him during the probation period.

Accordingly, the trial court's order is affirmed.

---

1. Green was placed on probation on May 29, 1984, and by its own terms, his probation expired 18 months later or on November 29, 1985. 757 P.2d at 462. The probation officer did not report Green's April, May, and June 1985 parole violations to the court until February 18, 1996. *Id.*

2. In 1984, the statute was amended to terminate probation after eighteen months unless a trial court extended the period. Smith's probation period expired pursuant to the terms of the probation order.