**STATE of Utah, Plaintiff and Respondent,**

v.

**Leon Earl DENNEY, Defendant and Appellant.**

No. 880371–CA.

Court of Appeals of Utah.

June 14, 1989.

Certiorari Denied Sept. 5, 1989.

James L. Shumate, Cedar City, for defendant and appellant.

R. Paul Van Dam, Charlene Barlow, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GARFF and GREENWOOD, JJ.

DAVIDSON, Judge:

Defendant appeals from the trial court's revocation of his probation. He claims that his probation term automatically terminated after eighteen months by operation of law pursuant to Utah Code Ann. § 77–18–1(10)(a) (Supp.1986).[1] We agree and reverse.

Defendant pleaded guilty, on September 18, 1985, to two third degree felony charges of uttering a forged prescription

---

1. Utah Code Ann. § 77–18–1 was amended in 1985 and 1987. *See* 1985 Utah Laws ch. 229, § 1; 1987 Utah Laws ch. 114, § 1. The provi- sion defendant relies upon in this appeal is currently found in Utah Code Ann. § 77–18–1(7)(a) (Supp.1988).

under Utah Code Ann. § 58–37–8(4)(a)(iii) (1985). On March 20, 1986, he was sentenced to two indeterminate sentences of zero to five years at the Utah State Prison. The trial court suspended the prison term and placed defendant on supervised probation for a term of three years.

Defendant completed the first eighteen months of probation without incident. However, on March 25, 1988, he was arrested for violating the terms of his probation by allegedly committing credit card fraud and for driving under the influence. On April 12, 1988, the trial court ordered defendant to appear before the court and show cause why his probation should not be revoked. Defendant filed a motion to terminate probation *nunc pro tunc.* The court denied the motion, revoked defendant's probation and imposed the original two consecutive sentences of zero to five years.

Defendant argues on appeal that section 77–18–1(10)(a) mandated that his probation be terminated after eighteen months of incident-free probation. The state argues that it is within the trial court's discretion to sentence defendant to two consecutive terms of probation and that defendant waived his right to termination of probation by expressly requesting a three-year term of probation in lieu of a prison sentence.

Section 77–18–1(10)(a) provided that "[u]pon completion without violation of 18 months probation in felony or class A misdemeanor cases, ... the offender shall be terminated from sentence, unless the person is earlier terminated by the court." In *State v. Green,* 757 P.2d 462 (Utah 1988), the Utah Supreme Court held that the term "shall" was a strong legislative mandate that required probation to terminate after eighteen months. "This strong mandate is not consistent with the State's position that the eighteen-month term is 'tolled' when any violation occurs within the period and that there is no time limit for initiating a

revocation action." *Id.* at 464. In response to the state's concerns regarding violation of the public's trust, the court held that "all but technical violations can be punished on their own merits and the defendant's past record can be considered at that time." *Id.* at 465.

Furthermore, the court held that the power to revoke probation must be exercised within legislatively established limits.

[W]e reaffirm that judges may exercise sentencing discretion within those limits established by the legislature; the power to fix sentencing limits and the power to suspend sentence in favor of probation are not inherent in the judiciary but must be authorized by statute.

*Id.* at 464.

At the time this matter arose, section 77–18–1(10)(c) provided the terms for extending probation.

At any time *prior* to the termination of probation the court may, after a hearing with proper notice, upon its own motion or the motion of the prosecutor, extend probation for good cause shown, for one additional term of 18 months in felony or class A misdemeanor cases or six months in class B misdemeanor cases. The reasons for the extension of the probation period shall be made a part of the court record.

(Emphasis added.)[2] Defendant served eighteen months of incident-free probation. It was *after* this term of eighteen months that the court held a hearing and determined that defendant's probation should be revoked.

After reviewing the record, it appears that the trial court may have intended to sentence defendant to two consecutive terms of probation lasting eighteen months each. At the hearing on the motion to terminate defendant's probation, held approximately two years after the probation order went into effect, the court stated

**2.** This section now reads:

At any time prior to the termination of probation, upon a minimum of five days' notice and a hearing or upon a waiver of the notice and hearing by the probationer, the court may

extend probation for an additional term of 18 months in felony or class A misdemeanors or six months in class B misdemeanors if fines or restitution or both are owing.

Utah Code Ann. § 77–18–1(7)(c) (Supp.1988).

"[t]he eighteen months probation was imposed on each felony to run consecutively." However, neither the verbal nor the written judgment made any mention of two consecutive terms. Rather, the order unequivocally stated: "IT IS HEREBY ORDERED that the Defendant, Leon Earl Denney, be placed on probation for a period of three (3) years from and after March 20, 1986."

An unambiguous order made in a criminal proceeding cannot be varied by remarks made in a later hearing to coincide with what the judge may have intended. "Where the language of a judgment is clear and unambiguous, it must be given effect as it is written. . . ." *State v. Garcia*, 99 N.M. 466, 659 P.2d 918, 923 (App.1983). It is necessary that sentences be rendered with clarity and accuracy in order to avoid the possibility of confusion and injustice. *Chase v. State*, 479 P.2d 337, 339 (Alaska 1971).

> Broad and uniform recognition has been given to the precept that a sentence imposed by a court acting in a criminal case should be definite, unequivocal and unambiguous, so that both the defendant and the officials charged with executing the sentence will be fairly apprised of the intentions of the court.

*Id.* (footnote omitted). This principle was first articulated by the United States Supreme Court in *United States v. Daugherty*, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926), where the Court held that "[s]entences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." However, "where the meaning is ambiguous, the pleadings and other documents of record may be reviewed for purposes of construing the meaning of the judgment." *Garcia*, 659 P.2d at 923.

The order, as written and pronounced, sentenced the defendant to three years of probation. The judge did not state in his order that the term of three years was actually two consecutive terms

of eighteen months each.[3] Although, the judge may have intended the terms to run consecutively, we do not examine his intent where the written order is unequivocal.

Because the term of probation automatically terminated after eighteen months, we do not reach the merits of the waiver and estoppel argument.

The judgment is reversed with directions to grant the motion *nunc pro tunc* terminating probation.

GARFF and GREENWOOD, JJ., concur.

---

**3.** We do not reach the merits of whether the judge may sentence a defendant to two consecutive terms of probation under Utah Code Ann. § 76–3–201(1) (Supp.1988).