2005 UT App 86

**STATE of Utah, Plaintiff and Appellee,**

v.

**Sydney McDONALD, Defendant and Appellant.**

No. 20030227–CA.

Court of Appeals of Utah.

Feb. 25, 2005.

150

Mary C. Corporon, Corporon and Williams PC, Salt Lake City, for Appellant.

N. George Daines, Donald G. Linton, and James M. Swink, Cache County Attorney's Office, Logan, for Appellee.

Before Judges BILLINGS, GREENWOOD, and THORNE.

OPINION

THORNE, Judge:

¶ 1 Sydney McDonald appeals her conviction of fifty-eight counts of cruelty to animals, each of them a class C misdemeanor. *See* Utah Code Ann. § 76–9–301 (2003). We affirm in part and reverse in part.

BACKGROUND

¶ 2 McDonald was convicted of multiple counts of animal cruelty following the discovery of fifty-eight diseased cats, and one dead cat, in a trailer on a farm in Cache County. McDonald brought the trailer to the farm in January 2001, with the apparent purpose of creating a "sanctuary" for stray cats that she trapped in and around Salt Lake City. McDonald brought cats to the trailer on multiple occasions between January 2001 and the discovery of the cats by authorities in April 2001.

¶ 3 McDonald arranged for the landowner to feed and water the cats and provide litter, but instructed the landowner not to open any windows in the trailer or go near the cats.

McDonald also told the landowner that she would provide veterinary care for the cats, but failed to do so. After the cats were discovered, they were all determined to be ill to one extent or another, with their illnesses caused by their close confinement with other cats and insufficient ventilation in the enclosed trailer. Following their discovery, many of the cats had to be euthanized due to illness or injury.

¶ 4 McDonald was charged with fifty-eight class B misdemeanor counts of cruelty to animals, and was convicted of fifty-eight counts of class C cruelty to animals, a lesser included offense. At trial, the State presented testimony pertaining to McDonald's prior possession of approximately fifty cats in January 2000, and warnings that she received at that time informing her of the health dangers posed by that many cats residing together in close proximity. The trial court instructed the jury that this testimony was to be considered solely for the purpose of establishing McDonald's knowledge of the risks of keeping large numbers of cats.

¶ 5 The State also presented testimony that authorities discovered the cats while investigating reports of stolen cats. The State did not otherwise imply that McDonald herself stole the cats from their owners. McDonald presented evidence portraying the cats as stray or feral cats, including evidence of permission from landowners to trap such cats on their property. It is undisputed that McDonald acquired the cats by capturing them, regardless of their status as stray, feral, or otherwise.

¶ 6 Following her convictions, the trial court sentenced McDonald to ninety days of jail time for each count, to be served consecutively. The consecutive sentences totaled approximately fourteen and one-half years, but the trial court suspended all but two days of the sentence. The trial court then placed McDonald on two years of formal probation and twelve and one-half years of informal probation. The probation included terms tailored to the animal cruelty offenses, including prohibiting McDonald from harboring or owning any animals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 McDonald challenges the admission of certain evidence against her. "We review a trial court's decision to admit or preclude evidence to determine whether the court acted within its permitted range of discretion." *State v. Vialpando*, 2004 UT App 95, ¶ 8, 89 P.3d 209.

■ ¶ 8 McDonald also challenges the sufficiency of the evidence to convict her of the cruelty to animals charges.

> "We will reverse a jury verdict only when, after viewing the evidence and all inferences drawn therefrom in a light most favorable to the verdict, we find that the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust."

*State v. Lopez*, 2001 UT App 123, ¶ 10, 24 P.3d 993 (quoting *State v. Silva*, 2000 UT App 292, ¶ 13, 13 P.3d 604).

■ ¶ 9 Finally, McDonald argues that the trial court erred in sentencing her to fourteen and one-half years of suspended incarceration and probation for her misdemeanor convictions. Sentencing decisions of the trial court are reviewed for abuse of discretion, including the decision to grant or deny probation and the decision to impose consecutive sentences. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. However, " 'judges may exercise sentencing discretion [only] within those limits established by the legislature.' " *State v. Denney*, 776 P.2d 91, 92 (Utah Ct.App.1989) (quoting *State v. Green*, 757 P.2d 462, 464 (Utah 1988)).[1]

## ANALYSIS

### 1. Evidentiary Rulings

¶ 10 McDonald appears to object to two lines of testimony that were presented by the

---

1. McDonald raises several other issues, including challenges to the jury instructions and allegations of prosecutorial misconduct. We find these issues to be inadequately briefed and decline to address them. *See Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14 ("An issue is inadequately briefed when 'the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court.' " (citation omitted)).

State at trial. First, McDonald objects to the testimony of a Salt Lake County Animal Services officer regarding a previous incident in Salt Lake County where he found McDonald in possession of fifty-three cats. Second, McDonald objects to various statements that, she alleges, suggest that she had stolen or otherwise improperly obtained the cats in her possession. We can identify no error in the trial court's decision to admit this evidence.

■ ¶ 11 As to the prior incident in Salt Lake County, the main thrust of the officer's testimony was that he had contacted McDonald in 2000 regarding fifty-three cats that were found in ill health at a kennel. The officer testified that he had told McDonald that keeping multiple cats in a confined area for too long a time could cause sickness or injury to the cats. During the officer's testimony, the trial court instructed the jury that the officer's testimony regarding the 2000 incident was "to be considered by you only for the purpose of proof of knowledge. That is[,] was she aware, was the defendant aware, that her conduct was reasonably certain to cause the result."

¶ 12 This testimony tends to establish McDonald's knowledge that her conduct was likely to result in sickness or injury to the cats that she was confining. Such knowledge goes directly towards proving McDonald's state of mind, a defining element of the crimes charged, and is clearly relevant. *See* Utah R. Evid. 401. Further, there is no character evidence problem under Rule 404(b) because the State's need to demonstrate McDonald's knowledge of a likelihood of injury constitutes a valid, noncharacter reason for offering this evidence; because the evidence is relevant; and because the evidence is not overly prejudicial. *See* Utah R. Evid. 404(b); *State v. Nelson–Waggoner*, 2000 UT 59,¶¶ 18–20, 6 P.3d 1120.

■ ¶ 13 McDonald also complains that the prosecution improperly suggested to the jury that McDonald had stolen the cats that were found in her possession. McDonald

does not cite to any such testimony in the record, other than testimony that the authorities were investigating reports of stolen cats when they discovered McDonald's trailer. This is not tantamount to alleging that McDonald stole the cats in question, and we find no merit in McDonald's argument in this regard.

¶ 14 Having examined McDonald's evidentiary arguments, we cannot say that McDonald has identified any instance where the trial court exceeded its discretion in admitting the challenged evidence. *See State v. Vialpando*, 2004 UT App 95,¶ 8, 89 P.3d 209. We therefore affirm the trial court's evidentiary rulings.

### 2. Sufficiency of the Evidence

■ ¶ 15 McDonald next argues that there was insufficient evidence to convict her of class C misdemeanor cruelty to the fifty-eight cats in the trailer. Utah Code section 76–9–301 provides that a person commits a class C misdemeanor when, acting recklessly or with criminal negligence, he:

(a) fails to provide necessary food, care, or shelter for an animal in his custody;

(b) abandons an animal in the person's custody;

(c) transports or confines an animal in a cruel manner;

(d) injures an animal;

(e) causes any animal, not including a dog, to fight with another animal of like kind for amusement or gain; or

(f) causes any animal, including a dog, to fight with a different kind of animal or creature for amusement or gain.

Utah Code Ann. § 76–9–301(1), (2) (2003).[2] A person acts "[w]ith criminal negligence or is criminally negligent with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 76–2–103(4) (2003).

¶ 16 To successfully challenge her jury verdict on the grounds of insufficient evidence,

---

2. *The same acts, committed intentionally or knowingly, constitute class B misdemeanors.*

*See* Utah Code Ann. § 76–9–301(1), (2) (2003).

McDonald must " 'marshal the evidence in support of the verdict and then demonstrate that the evidence is insufficient when viewed in the light most favorable to the verdict.' " *State v. Pritchett*, 2003 UT 24,¶ 25, 69 P.3d 1278 (quoting *State v. Hopkins*, 1999 UT 98,¶ 14, 989 P.2d 1065). Assuming that McDonald properly marshaled the evidence against her, that evidence suggests that McDonald knew that it was unhealthy to house large numbers of cats together, but proceeded to do so without providing them with proper ventilation or veterinary care. This evidence is sufficient to support a jury finding that she failed to provide necessary care or shelter for the cats, and that she was aware of a substantial and unjustified risk that the care and shelter she provided for the cats did not meet their basic needs. Accordingly, she has failed to demonstrate that the jury verdict was based on insufficient evidence.

### 3. Sentencing Issues

■ ¶ 17 Finally, McDonald alleges that the trial court erred in sentencing her to jail and probation for a period exceeding fourteen years when her offenses, albeit multiple, were only class C misdemeanors.

¶ 18 We agree with McDonald that the trial court erred when it sentenced her to over fourteen years of probation for her misdemeanor offenses. Both McDonald and the State appear to characterize the trial court's probation order as imposing fifty-eight consecutive ninety-day periods of probation, one for each conviction. That characterization does not accurately reflect the trial court's sentencing order. After sentencing McDonald to fifty-eight consecutive ninety-day periods of incarceration, the court sentenced McDonald to a single two-year period of formal probation followed by a single twelve and one-half year period of informal probation.

¶ 19 Under *State v. Denney*, 776 P.2d 91 (Utah Ct.App.1989), this order cannot be considered as a series of consecutive terms because that is not· what the trial court unambiguously ordered:

> The order, as written and pronounced, sentenced the defendant to three years of probation. The judge did not state in his order that the term of three years was actually two consecutive terms of eighteen months each. Although, the judge may have intended the terms to run consecutively, we do not examine his intent where the written order is unequivocal.

*Id.* at 93 (footnote omitted). Clearly, under *Denney,* we cannot interpret the trial court's probation order as fifty-eight consecutive terms.[3] Accordingly, the court's fourteen and one-half year probation order exceeded its statutory authority, which limits probation for any particular class C misdemeanor to twelve months, absent proper extension for violations of probation or otherwise. *See* Utah Code Ann. § 77–18–1(10)(a)(i) (2003).

■ ¶ 20 Like the *Denney* court, we do not reach the question of whether Utah law authorizes the imposition of consecutive terms of probation for multiple convictions. Instead, we· conclude merely that the actual term of probation ordered by the trial court necessarily terminated after twelve months, or no later than February 26, 2004. This determination renders McDonald's challenges to her jail sentence moot, as she did not and will not have to serve that sentence.

### CONCLUSION

¶ 21 The probationary term for a class C misdemeanor may not exceed twelve months pursuant to Utah Code section 77–18–1(10)(a)(1). *See* Utah Code Ann. § 77–18–1(10)(a)(i) (2003). If consecutive terms of probation for multiple convictions are permissible, a question that we do not reach today, the sentencing court must clearly determine the probation period for each offense and explicitly state that the terms are to run consecutively. Accordingly, the trial court erred when it placed McDonald on two years

---

**3.** Although it is possible to interpret the trial court's probation order as two consecutive periods of probation imposed for two of McDonald's fifty-eight offenses, we decline to do so. The trial court made no determination that the formal and informal probation periods attached to one, two, or all fifty-eight of McDonald's convictions, and speculation on this matter would run contrary to our holding in *State v. Denney. See* 776 P.2d 91, 93 (Utah Ct.App.1989).

of formal probation and twelve and one-half years of informal probation for class C misdemeanor convictions.

¶ 22 The trial court's probation order is hereby terminated as of February 26, 2004. We affirm the trial court in all other respects.

¶ 23 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.