2008 UT App 4

**STATE of Utah, Plaintiff and Appellee,**

v.

**Francisco A. CANDEDO, Defendant and Appellant.**

**No. 20050899–CA.**

Court of Appeals of Utah.

Jan. 4, 2008.

Lori J. Seppi, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., McHUGH and ORME, JJ.

## MEMORANDUM DECISION

McHUGH, Judge:

¶ 1 Francisco A. Candedo appeals his conviction for one count each of Securities Fraud, a second degree felony, *see* Utah Code Ann. §§ 61–1–1, –21 (2006), and Sales by an Unlicensed Agent and Employing an Unlicensed Agent, both third degree felonies, *see id.* §§ 61–1–3, –21 (2006).[1] Candedo argues that this court should reverse because either (1) the trial court may not impose consecutive terms of probation under the Utah Code of Criminal Procedure, *see* Utah Code Ann. § 77–18–1(10)(a)(i) (Supp.2007), or (2) section 77–18–1(10)(a)(i), as interpreted by *State v. Wallace*, 2006 UT 86, 150 P.3d

---

1. Candedo was charged under the current version of the statute. The Utah Legislature last amended the applicable sections in 1983, *see* Utah Uniform Securities Act Amendment, ch. 284, sec. 4, § 61–1–1, 1983 Utah Laws 1108, 1114 (codified as amended at Utah Code Ann. § 61–1–1 (2006)); 1997, *see* Uniform Securities Act Amendments, ch. 160, sec. 1, § 61–1–3, 1997 Utah Laws 522, 522–23 (codified as amended at Utah Code Ann. § 61–1–3 (2006)); and 2001, *see* Penalty for Misuse of Securities, ch. 149, sec. 1, § 61–1–21, 2001 Utah Laws 753, 753 (codified as amended at Utah Code Ann. § 61–1–21 (2006)).

540, violates substantive due process under the Utah and U.S. constitutions. We affirm.

¶ 2 First, Candedo asserts that the trial court exceeded its statutory authority by sentencing him to 108 months of probation. *See* Utah Code Ann. § 77–18–1(10)(a)(i). A trial court's sentencing decision, including whether to grant or deny probation, is reviewed under an abuse of discretion standard. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *Id.* (internal quotation marks omitted). The sentencing statute at issue here states that "[p]robation may be terminated at any time at the discretion of the court or upon completion without violation of 36 months probation in felony or class A misdemeanor cases." [2] Utah Code Ann. § 77–18–1(10)(a)(i). After reviewing section 77–18–1(10)(a)(i) in *Wallace*, the Utah Supreme Court held that "our law currently provides *no statutory limitation* on the length of probation a trial court may impose." 2006 UT 86, ¶ 14, 150 P.3d 540 (emphasis added).

¶ 3 Candedo argues that the Utah statute does not give a trial court the authority to impose consecutive terms of probation, an issue raised but not addressed in *Wallace*. *See id.* ¶ 4. However, this characterization of Candedo's sentence does not accurately reflect the trial court's probation order. In the sentencing order, the Order of Probation section specifies that "[t]he defendant is placed on probation for 108 month(s)"; nowhere does that section use the term "consecutive." [3] *See State v. Denney*, 776 P.2d 91, 92–93 (Utah Ct.App.1989) ("Where the language of a judgment is clear and unambiguous, it must be given effect as it is written. . . . Although, the judge may have intended the

terms to run consecutively, we do not examine his intent where the written order is unequivocal." (internal quotation marks and alteration omitted)).

¶ 4 Even assuming that the juxtaposition of the Order of Probation section and Probation Conditions section rendered this order equivocal, *Wallace* indicates that imposing thirty-six months for each count would nevertheless be within the trial court's authority:

> We granted certiorari on two issues: whether section 77–18–1(10)(a)(i) creates a thirty-six-month limitation for a term of probation as to any felony conviction; and whether terms of probation for multiple convictions may be imposed consecutively. *Because we conclude that the Legislature has not limited terms of probation to any particular time period, we need not and do not reach the second issue.*

2006 UT 86, ¶ 4, 150 P.3d 540 (emphasis added). *Wallace* holds that there is "no statutory time limitation on probation." *Id.* ¶ 16. Because a trial court is not time limited in its authority to impose probation, *see id.* ¶ 14, the 108–month sentence is not "clearly excessive." *See Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. Consequently, as in *Wallace*, we need not consider whether—assuming such a limitation did exist—the trial court could circumvent that limit by ordering consecutive probation periods where multiple crimes were committed. We hold that the trial court did not exceed its discretion in sentencing Candedo to 108 months of probation.

¶ 5 Second, Candedo argues that the probation statute, as interpreted by *Wallace*, violates his due process rights under the Utah and U.S. constitutions. Candedo concedes that he did not properly preserve his due process argument in the trial court. However, he asserts that he can still appeal

---

2. In 1989, section 77–18–1 was amended—notably, "shall" became "may"—as discussed in *State v. Wallace. See* 2006 UT 86, ¶¶ 10–11, 150 P.3d 540; *see also* Probation Amendments, ch. 226, sec. 1, § 77–18–1(7)(a), 1989 Utah Laws 689, 690 (codified as amended at Utah Code Ann. § 77–18–1(10)(a)(i) (Supp.2007)). Candedo was sentenced under the current version of the statute.

3. Although the Probation Conditions section states that "Defendant is sentenced to 36 months on each count," only the Sentence Prison Concurrent/Consecutive Note section uses the term "consecutive"; this note section also states that Defendant's "[p]rison terms are concurrent with each other." In contrast, the Order of Probation states merely that Candedo "is placed on probation for 108 month(s)."

this issue under rule 22(e) of the Utah Rules of Criminal Procedure, or, alternatively, under the exceptional circumstances doctrine. We disagree with both of these contentions.

■ ¶ 6 Under .rule 22(e) of the Utah Rules of Criminal Procedure, an appellate court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). However, rule 22(e) only applies to a " 'patently' " or " 'manifestly' illegal sentence," *State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854 (quoting *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995); *State v. Telford*, 2002 UT 51, ¶ 5, 48 P.3d 228), which the Utah Supreme Court has defined as occurring where either "the sentencing court has no jurisdiction, or . . . the sentence is beyond the authorized statutory range." *Id.* (citing *Telford*, 2002 UT 51, ¶ 5 n. 1, 48 P.3d 228). Here, there is no dispute that the trial court had jurisdiction. Furthermore, in light of the supreme court's statutory interpretation of section 77–18–1(10)(a)(i) and its holding that a "twelve-year probation does not constitute an illegal sentence," *State v. Wallace*, 2006 UT 86, ¶ 16, 150 P.3d 540, Candedo's nine-year probation is not an illegal sentence. Therefore, Candedo's claim that his sentence violates his due process rights is not reviewable under rule 22(e).

■ ¶ 7 Alternatively, Candedo argues that this court can review his constitutional claim, despite his failure to raise it in the trial court, under the exceptional circumstances doctrine. "The exceptional circumstances concept serves as a 'safety device,' to assure that 'manifest injustice does not result from the failure to consider an issue on appeal.' " *State v. Irwin*, 924 P.2d 5, 8 (Utah Ct.App.1996) (quoting *State v. Archambeau*, 820 P.2d 920, 923 (Utah Ct.App.1991)); *see also State v. Nelson–Waggoner*, 2004 UT 29, ¶ 23, 94 P.3d 186 ("[The exceptional circumstances doctrine is] reserv[ed] . . . for the most unusual circumstances where our failure to consider an issue that was not proper-

ly preserved for appeal would have resulted in manifest injustice."). It is "used sparingly, properly reserved for truly exceptional situations, for cases . . . involving 'rare procedural anomalies.' " *Irwin*, 924 P.2d at 11 (quoting *State v. Dunn*, 850 P.2d 1201, 1209 n. 3 (Utah 1993)); *see, e.g., In re T.M.*, 2003 UT App 191, ¶ 16, 73 P.3d 959 (determining that an "*amendment* [to the termination statute] was 'a change in law or the settled interpretation of law' " and therefore "the exceptional circumstances exception applie[d]" (emphasis added)). Candedo argues that, because the Utah Supreme Court had not yet held that trial courts could impose unlimited probationary terms,[4] he " 'had no particular need to' argue the probation statute violated substantive due process." (Quoting *Irwin*, 924 P.2d at 10.) He bases this argument on the inference from decisions of the court of appeals, prior to *Wallace*, that there were statutory limitations on probation. *See State v. McDonald*, 2005 UT App 86, ¶ 21, 110 P.3d 149 ("The probationary term for a class C misdemeanor may not exceed twelve months pursuant to Utah Code section 77–18–1(10)(a)( [i] )." (emphasis omitted)), *cert. denied*, 124 P.3d 251 (Utah 2005); *State v. Robinson*, 860 P.2d 979, 982 (Utah Ct.App.1993) ("[T]he maximum formal probation periods for . . . a class B misdemeanor[ ] and . . . a class A misdemeanor[ ] are respectively twelve months and thirty-six months . . . ." (citation omitted)). *But see State v. Wallace*, 2005 UT App 434, ¶ 18 n. 10, 124 P.3d 259 ("We are not bound by cases which, in dicta, assume without deciding that Utah Code section 77–18–1(10)(a)(i) creates maximum probationary periods."), *aff'd*, 2006 UT 86, 150 P.3d 540. However, we do not find this argument sufficiently compelling to satisfy the doctrine of exceptional circumstances.

¶ 8 First, we fail to see how the supreme court's decision in *Wallace*—by clarifying section 77–18–1(10)(a)(i) in a way that is detrimental to Candedo's 22(e) claim—supports the argument that Candedo failed to raise his

---

4. The Utah Court of Appeals and Utah Supreme Court had not issued their respective opinions in *State v. Wallace* until after the trial court entered its order sentencing Candedo to 108 months of probation. *See Wallace*, 2006 UT 86, 150 P.3d

540 (issued Dec. 19, 2006), *aff'g* 2005 UT App 434, 124 P.3d 259 (issued Oct. 14, 2005). The sentencing order at issue in this appeal is dated September 12, 2005.

*constitutional* claim at trial because of the previous decisions of this court. Although Candedo might have believed that the trial court imposed an illegal probationary term by exceeding the statutory limits allegedly approved in *McDonald* and *Robinson,* we do not see how the confidence in that claim interfered with his ability to evaluate his due process argument. *See McDonald,* 2005 UT App 86, ¶ 21, 110 P.3d 149; *Robinson,* 860 P.2d at 982. Candedo was always free to assert both arguments in the trial court.[5] Moreover, the fact that the trial court imposed such a long period of probation—after disagreeing with Candedo's assertion that it did not have the authority to do so—should have put Candedo on notice that his due process rights were arguably implicated.[6]

██ ¶ 9 Furthermore, the constitutional limitations of probation terms were not addressed in *Wallace* or either of the two cases Candedo cites in support of his exceptional circumstances argument. Even if Candedo reasonably believed that he could later appeal the sentence under rule 22(e), he could have asserted his due process claim as well. We will not expand the exceptional circumstances exception to include Candedo's situation as it does not rise to the level of a "rare procedural anomal[y]." *See Irwin,* 924 P.2d at 11 (quoting *Dunn,* 850 P.2d at 1209 n. 3); *cf. State v. Lopez,* 886 P.2d 1105, 1113 (Utah 1994) (refusing to address the defendant's due process claim on the ground that he failed to preserve it and rejecting his argument that exceptional circumstances existed

where *State v. Ramirez,* 817 P.2d 774 (Utah 1991), decided after his trial, allegedly would have supported his due process claim); *see also State v. Olsen,* 860 P.2d 332, 335 (Utah 1993) (refusing to address the merits of the defendant's due process claim, which was based on *Ramirez's* new constitutional requirements, because it was not raised at trial—even though *Ramirez* issued after the defendant's trial). *See generally Ramirez,* 817 P.2d at 778, 780–81 (holding that determination of "the due process reliability of eyewitness identifications .... will require an in-depth appraisal of the identification's reliability").[7] We therefore hold that Candedo did not preserve his due process argument and we do not address it on appeal.

¶ 10 The trial court did not exceed its discretion when it sentenced Candedo to 108 months of probation. We do not address Candedo's substantive due process argument because he failed to preserve it and neither rule 22(e) of the Utah Rules of Criminal Procedure nor the exceptional circumstances doctrine applies under the facts of this case.

¶ 11 Affirmed.

¶ 12 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.

---

5. Additionally, Candedo's reliance on *State v. Lopez,* 873 P.2d 1127 (Utah 1994), is misplaced. In that case, the defendant's argument under the exceptional circumstances doctrine succeeded because the trial court initially ruled in his favor and, at that time, "the pretext doctrine was the controlling rule of Fourth Amendment law as interpreted by the court of appeals." *Id.* at 1130, 1134 & n. 2. The court also noted that "[the d]efendant had no reason to argue that the doctrine be adopted under [the Utah Constitution] until the State challenged the doctrine on appeal." *Id.* at 1134 n. 2.

6. We reiterate, however, this court's comment in *State v. Wallace,* 2005 UT App 434, 124 P.3d 259, *aff'd,* 2006 UT 86, 150 P.3d 540: "Defendant here did not have to accept the terms of his probation.... [He] did not choose incarceration. He chose probation and thereby accepted its

terms. Having accepted its terms, he now must abide by them." *Id.* ¶ 19 (citing *State v. Allmendinger,* 565 P.2d 1119, 1121 (Utah 1977)).

7. Candedo further asserts that we should review his due process claim despite his failure to preserve it because "the issue involves a question of law that can be easily reviewed for the first time on appeal; judicial efficiency would be furthered by reaching the issue now ...; and justice would be served." However, he cites no authority for these assertions, and we therefore do not address them. *See Peterson v. Sunrider Corp.,* 2002 UT 43, ¶ 23 n. 9, 48 P.3d 918 ("We decline to address [the defendant's] claim because it has not been properly briefed.... A single, vague sentence without citation to the record or legal authority is inadequate." (citing *State v. Bishop,* 753 P.2d 439, 450 (Utah 1988))).