2008 UT App 287

**PROVO CITY, a municipal corporation, Plaintiff and Appellee,**

v.

**Kay J. IVIE, Devon R. Ivie, Kristine J. Lee, Edward R. Lee, Spring Canyon Limited Partnership, Canyon Acres Limited Partnership, Robert Lee Kenner, and Kirma Kenner, Defendants and Appellants.**

No. 20070490–CA.

Court of Appeals of Utah.

July 25, 2008.

**842**

M. Dayle Jeffs, Provo, for Appellants.

Jody K. Burnett, Salt Lake City, and David C. Dixon, Provo, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## OPINION

ORME, Judge:

¶ 1 In 2002, Provo City sought to condemn Appellants' property to build a road and bike path that would connect two existing Provo streets. Because their property is in an unincorporated area of Utah County, Appellants disputed Provo's right to condemn the property. Provo City moved for immediate occupancy, which was granted, although the trial court stayed enforcement to allow Appellants to pursue an interlocutory appeal in the Utah Supreme Court. The Utah Supreme Court held that because Provo City was not a chartered city, it could not exercise the eminent domain powers provided to municipalities in the Utah Constitution, *see* Utah Const. art. XI, § 5, and that Provo City had therefore failed to prove that it was entitled to extraterritorially condemn Appellants' property. *See Provo City v. Ivie*, 2004 UT 30, ¶ 1, 94 P.3d 206.

¶ 2 Appellants then made a motion for attorney fees, which was denied by the trial court because "the City ha[d] not abandoned the condemnation proceedings because of its active involvement through the agreement with the County." The "agreement" referred to by the trial court was one that Provo City made with Utah County whereby Utah County would condemn Appellants' property and then transfer it to Provo City. In June 2004, Utah County brought the anticipated new action seeking condemnation of Appellants' property pursuant to the agreement. The trial court granted immediate occupancy to Utah County, but temporarily stayed the order to allow Appellants to once again file for an interlocutory appeal. The Utah Supreme Court granted the appeal, held that Utah County could appropriately condemn Appellants' property, and affirmed the trial court's order of immediate occupancy. *See Utah County v. Ivie*, 2006 UT 33, ¶ 3, 137 P.3d 797.

¶ 3 In 2006, Appellants moved the trial court to dismiss the original condemnation proceeding filed by Provo City because "Provo City did nothing to prosecute this matter." The trial court granted the motion and dis-

missed the case with prejudice.[1] Relying on Utah Code section 78–34–16, Appellants then renewed their motion for attorney fees. This section requires a condemner who abandons condemnation "proceedings" and "cause[s] the action to be dismissed without prejudice" to "reimburse [the condemnee] in full for all reasonable and necessary expenses actually incurred by condemnee . . . including attorneys fees." Utah Code Ann. § 78–34–16 (2002). The trial court denied Appellants' motion because the statutory requirements had not been met, i.e., Provo City had not abandoned the condemnation proceedings and it had not caused the action to be dismissed without prejudice.

¶ 4 We agree that the requirements of section 78–34–16 were not met, if for no other reason than because the condemnation action was not dismissed without prejudice.[2] Section 78–34–16 provides that attorney fees and expenses are recoverable only when a "[c]ondemner . . . abandon[s] the proceedings and cause[s] the action to be dismissed *without prejudice* [.]" *Id.* (emphasis added). "The first step of statutory interpretation is to evaluate the best evidence of legislative intent: 'the plain language of the statute itself.'" *In re Z.C.*, 2007 UT 54, ¶ 6, 165 P.3d 1206 (citation omitted). "'When examining the statutory language we assume the legislature used each term advisedly and in accordance with its ordinary meaning.'" *Id.* (citation omitted). Given the plain and unambiguous language of section 78–34–16, that section applies only when the action is dismissed without prejudice, *see* Utah Code Ann. § 78–34–16, which simply did not happen here. As all of the statutory requirements of section 78–34–16 were not met, we really have no choice but to affirm.

¶ 5 Appellants also urge us to consider their intriguing constitutional argument—raised for the first time on appeal—that "just compensation" in Article I, Section 22, of the Utah Constitution necessarily includes attorney fees occasioned by the condemnation action. *See* Utah Const. art. I, § 22. "As a general rule, claims not raised before the trial court may not be raised on appeal . . . unless a [litigant] can demonstrate that 'exceptional circumstances' exist or 'plain error' occurred." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (citation omitted). Appellants argue that we can review their constitutional claim, despite their failure to raise it in the trial court, because there were exceptional circumstances.

¶ 6 The exceptional circumstances doctrine is "used sparingly, properly reserved for truly exceptional situations, for cases . . . involving rare procedural anomalies," *State v. Candedo*, 2008 UT App 4, ¶ 7, 176 P.3d 459 (omission in original) (citation and internal quotation marks omitted), and "'[may be employed] where a change in law or the settled interpretation of law color[s] the failure to have raised an issue at trial,'" *In re T.M.*, 2003 UT App 191, ¶ 16, 73 P.3d 959 (alterations in original) (citation omitted). Essentially, Appellants urge us to consider their argument because the trial court commented on the questionable public policy implicit in section 78–34–16. The admittedly questionable policy reflected in section 78–34–16 is not the kind of rare procedural anamoly contemplated by the exceptional circumstances doctrine, nor has the relevant law been in a state of flux. Accordingly, we decline to consider the issue on its merits.

---

1. The trial court dismissed the condemnation action pursuant to rule 41(b) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 41(b). "[I]t is a general rule that if a court grants an involuntary dismissal and does not specify whether it is with or without prejudice, it is assumed that the dismissal is with prejudice." *Alvarez v. Galetka*, 933 P.2d 987, 990 (Utah 1997). Rule 41(b) of the Utah Rules of Civil Procedure states: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits." Utah R. Civ. P. 41(b).

2. Given that the threshold requirement of "without prejudice" is not met, we need not decide whether the term "proceedings," as used in section 78–34–16, means a single case or, rather, the entire condemnation effort. Nor need we decide whether "cause" contemplates an outright filing or motion by the condemner, or whether it can mean a course of conduct or something else less direct. *See* Utah Code Ann. § 78–34–16 (2002).

¶ 7 We cannot help but observe, however, that section 78–34–16 rewards a recalcitrant, unrepentant municipality while disfavoring a municipality that acts more appropriately. For instance, if a condemning city promptly acknowledges that it no longer wishes to proceed with its flawed action and "abandon[s] the proceedings and cause[s] the action to be dismissed without prejudice," the city is liable for attorney fees. Utah Code Ann. § 78–34–16. But where, as here, a city drags its feet and the flawed action is dismissed over the city's objection, that city is not liable for attorney fees. *See id.* Even though section 78–34–16 reflects questionable policy, as was also recognized by the trial court, the section clearly and unambiguously states that the action must be dismissed without prejudice, which did not happen here. Thus, we must affirm notwithstanding that the statute creates a framework in which municipalities may never dismiss or abandon an eminent domain case, leaving the property owner to seek dismissal of the case lest the municipality be on the hook for attorney fees.

¶ 8 A question was raised during oral argument about the potential applicability of *In re Z.C.*, 2007 UT 54, 165 P.3d 1206, where the Utah Supreme Court embraced the doctrine that "a court should not follow the literal language of a statute if its plain meaning works an absurd result." *Id.* ¶ 11. We are reluctant to consider whether the *Z.C.* doctrine might apply in this case, as it was not briefed or argued and as we are uncomfortable employing it pending further guidance from our Supreme Court on its appropriate application.

¶ 9 Affirmed.

¶ 10 WE CONCUR: JAMES Z. DAVIS and CAROLYN B. McHUGH, Judges.